UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jhonney S.D., | Civ. No. 26-2989 (PAM/DJF) |
| Petitioner, | |
| v. | **MEMORANDUM AND ORDER** |
| David Easterwood, Field Office Director of Enforcement and Removal Operations, St. Paul Field Office, Immigration and Customs Enforcement; Markwayne Mullin, Secretary of the U.S. Department of Homeland Security; David J. Venturella, acting director of U.S. Immigration and Customs Enforcement; Todd Blanche, acting Attorney General of the United States; and Eric Tollefson, Kandiyohi County Sheriff, | |
| Respondents. | |

This matter is before the Court on Petitioner Jhonney S.D.'s Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Petitioner challenges his immigration detention pending removal. For the following reasons, the Court denies the Petition.

**BACKGROUND**

Petitioner is a citizen of Venezuela, who entered the United States on July 21, 2024.[1] (Am. Pet. (Docket No. 8) ¶¶ 1, 5; 2d Decl. of Ivan Sabin (Docket No. 10) Ex. C at 1.) That same day, Immigration and Customs Enforcement ("ICE") served him with a Notice to

---

[1] The first paragraph of the Amended Petition states that Petitioner entered the United States on September 21, 2024. The Court assumes this is an inadvertent error, as the contemporaneous records indicate he entered on July 21, 2024.

Appear in Removal Proceedings, charging him as an arriving alien who is removable under 8 U.S.C. § 1182(a)(7)(A)(i)(I) for not possessing "a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality." (2d Sabin Decl. Ex. C at 1.) ICE released Petitioner on humanitarian parole, and on April 24, 2026, his parole expired. See https://i94.cbp.dhs.gov (last accessed July 31, 2026).[2] Petitioner has a pending application for asylum. (Am. Pet. ¶ 2; 2d Sabin Decl. Ex. A at 3.)

On June 8, 2026, ICE and United States Border Patrol agents conducted a traffic stop in Maryville, North Dakota. (Am. Pet. ¶ 2; 2d Sabin Decl. Ex. A at 2.) Petitioner presented his identification, which the agents used to confirm that Petitioner lacks legal status in the United States. (2d Sabin Decl. Ex. A at 2.) Based on this information, the agents issued Petitioner a Form I-200 Warrant for Arrest of Alien and transported him for processing. (Id.) A Form I-213 Record of Deportable/Inadmissible Alien was generated. (Id.) Petitioner is detained at the Kandiyohi County Jail in Willmar, Minnesota. (Am. Pet. ¶ 11.)

---

[2] The parties dispute whether Petitioner appeared for his appointment with ICE in May 2026, after his parole expired. Petitioner attaches one page of Form I-220A Order of Release on Recognizance, dated May 27, 2026, which Petitioner asserts indicates that he appeared for the May appointment. (Am. Pet. ¶ 5; Docket No. 8-1.) Regardless, Petitioner provides no indication that his parole did not expire in April 2024.

**DISCUSSION**

"A writ of habeas corpus enables a person detained by the government to challenge the legality of his confinement and, if successful, obtain his release." <u>Abdulkadir A. v. Sessions</u>, Civ. No. 18-2353, 2018 WL 7048363, at *2 (D. Minn. Nov. 13, 2018) (Bowbeer, M.J.) (citing <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 485 (1973)), <u>R. & R. adopted</u>, 2019 WL 201761 (D. Minn. Jan. 15, 2019) (Brasel, J.). The Amended Petition seeks Petitioner's immediate release or a bond hearing, and alleges Respondents violated Petitioner's constitutional rights, the Immigration and Nationality Act, the <u>Accardi</u> doctrine, the Administrative Procedures Act, 8 U.S.C. § 1226(a), and various bond regulations.

Section 1225(b)(1)(A)(i) dictates that arriving aliens and certain other aliens shall be "removed from the United States without further hearing or review unless the alien indicates either an intention to apply for asylum . . . or a fear of persecution." 8 U.S.C. § 1225(b)(1)(A)(i). If an arriving alien so indicates, immigration officers refer the alien for a credible fear interview. <u>Id.</u> § 1225(b)(1)(A)(ii). An alien "with a credible fear of persecution" is "detained for further consideration of the application for asylum." <u>Id.</u> § 1225(b)(1)(B)(ii). If an alien does not indicate an intent to apply for asylum, express a fear of persecution, or is "found not to have such a fear," then he or she is detained until removed from the county. <u>Id.</u> § 1225(b)(1)(A)(i), (B)(iii)(IV). "Read most naturally, []§ 1225(b)(1) . . . mandate[s] detention of applicants for admission until certain proceedings have concluded." <u>Jennings v. Rodriguez</u>, 583 U.S. 281, 297 (2018). "And . . . § 1225(b)(1) . . . says [no]thing whatsoever about bond hearings." <u>Id.</u> Although detention is mandatory, the relevant statute confers broad discretion on the Secretary of

3

Homeland Security to temporarily parole arriving aliens into the United States.  See 8 U.S.C. § 1182(d)(5)(A) ("The Secretary of Homeland Security may . . . in his discretion parole into the United States temporarily under such conditions as he may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States, but such parole of such alien shall not be regarded as an admission of the alien and when the purposes of such parole shall, in the opinion of the Secretary of Homeland Security, have been served the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States.")

Petitioner is an alien present in the United States.  Indeed, the record is clear that Petitioner was detained upon his entry into Texas and processed for removal as an arriving alien.  Although Petitioner was released on temporary parole, which has since expired, the law dictates that "[a]n arriving alien remains an arriving alien even if paroled pursuant to section 212(d)(5) of the [Immigration and Nationality] Act, and even after any such parole is terminated or revoked."  8 U.S.C. § 1.2.  Petitioner provides no facts demonstrating that anything has altered the Department of Homeland Security's initial determination.  Thus, Petitioner is subject to mandatory detention under § 1225(b)(1).[3]

---

[3] Alternatively, the Court finds that Petitioner is an applicant for admission subject to mandatory detention under 8 U.S.C. § 1225(b)(2).  See Avila v. Bondi, 170 F.4th 1128 (8th Cir. 2026).

Petitioner's remaining arguments are unavailing. His due process claims fail because detention "pursuant to a constitutionally legitimate statute promulgated by Congress is not a due process violation." <u>Brayam G. v. Easterwood</u>, Civ. No. 26-1985, at *3–4 (D. Minn. April 15, 2026) (Traynor, J.). Additionally, § 1225(b) is silent as to any warrant requirement, so Petitioner's claim regarding the allegedly invalid I-200 warrant is without merit. Finally, Petitioner's regulatory, <u>Accardi</u>, Immigration and Nationality Act, and Administrative Procedures Act claims fail, because Respondents cannot have violated laws and regulations they were not required to follow in this matter.

The Court concludes that Petitioner is not entitled to the habeas relief that he seeks, and thus denies his Petition.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that:**

1.    The Amended Petition (Docket No. 8) is **DENIED**; and

2.    This action is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  August 1, 2026                               s/ Paul A. Magnuson
                                                     Paul A. Magnuson
                                                     United States District Court Judge